1

2

3

4

5

6

7

8                         **IN THE UNITED STATES DISTRICT COURT**

9                        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   TERRY HILLBLOM, et al.,                        CASE NO. CV F 07-1467 LJO SMS

12                    Plaintiffs,              **ORDER ON DEFENDANTS' F.R.Civ.P. 12
                                               MOTIONS TO DISMISS AND FOR MORE**
13           vs.                               **DEFINITE STATEMENT**

14   COUNTY OF FRESNO, et al.,

15                    Defendants.
     _____/
16

17                                    **INTRODUCTION**

18           Defendants County of Fresno ("County"), former County Sheriff Richard Pierce ("Sheriff

19   Pierce") and three County Sheriff's Department officers[1] seek F.R.Civ.P. 12(b)(6) dismissal of

20   plaintiffs'[2] 42 U.S.C. § 1983 ("section 1983") and related claims on grounds that the claims fail to allege

21   necessary elements.  Defendants pursue an alternative F.R.Civ.P. 12(e) motion for a more definite

22   statement as to plaintiffs' section 1983 illegal arrest and tort in essence claims.  Plaintiffs contend that,

23   for the most part, their complaint satisfies requirements to plead necessary elements of their claims.  This

24   _____

25        [1]      The three officers are County Sheriff's Department Sergeants E. Broughton ("Sgt. Broughton") and Kathy
         Carreiro ("Sgt. Carreiro") and County Sheriff's Department Deputy Sheriff Robert Carey ("Deputy Carey").  The County,
26       Sheriff Pierce, Sgts. Broughton and Carreiro and Deputy Carey will be referred to collectively as "defendants").

27        [2]      Plaintiffs are Terry Hillblom ("Mr. Hillblom"), Sandra Hillblom ("Ms. Hillblom") and Michael L., a minor
         for whom Mr. and Ms. Hillblom are guardians ad litem and legal guardians.  Mr. and Ms. Hillblom and Michael L. will be
28       referred to collectively as "plaintiffs."

                                              1

1   Court considered the defendants' alternative motions to dismiss and for a more definite statement on the

2   record and VACATES the February 7, 2008 hearing, pursuant to Local Rule 78-230(h).  For the reasons

3   discussed below, this Court GRANTS defendants F.R.Civ.P. 12(b)(6) and F.R.Civ.P. 12(c) relief in part

4   and ORDERS plaintiffs, no later than February 25, 2008, to file a first amended complaint consistent

5   with and in compliance with this order.

6                                            **BACKGROUND**[3]

7   _____ **Mr. Hillblom's Arrest** _____

8          Mr. and Ms. Hillblom are married and are Michael L.'s maternal grandparents.  Mr. Hillblom

9   is an inactive attorney.  Sgts. Broughton and Carreiro and Deputy Carey are peace officers with the

10  County Sheriff's Department ("Department").

11         On April 25, 2006 at about 8 p.m., Kimberly L., Michael L.'s mother and daughter of Mr. and

12  Ms. Hillblom, dialed 911 to report that Michael L., then age 14, was at Mr. and Ms. Hillblom's Parlier

13  home and refused to return with Kimberly L. to her Sanger home.  Mr. and Mrs. Hillblom were unaware

14  that Kimberly L. had called 911.  Kimberly L. sought law enforcement assistance to compel Michael L.

15  to leave with her although Michael L. had resided at Mr. and Mrs. Hillbloom's home during the prior

16  four weeks pursuant to a court order.  Kimberly L. had lost custody of her then five-year-old daughter

17  and had what plaintiffs' characterize as "a well-documented and significant history of drug abuse and

18  arrests for domestic violence and Health and Safety Code violations."

19         Deputy Carey arrived at Mr. and Ms. Hillblom's home at around 8:40 p.m. and entered the home

20  at Kimberly L.'s invitation although Deputy Carey knew she did not live in the home and, as plaintiffs'

21  describe, "did not have consent to his entry."  After Michael L. did not respond to Kimberly L.'s

22  attempts to summon him and with Kimberly L.'s permission, Deputy Carey proceeded further down a

23  hallway toward a den.  Mr. Hillblom, unaware Kimberly L. had summoned law enforcement, requested

24  Deputy Carey to leave the home and offered to accompany Deputy Carey outside to discuss "whatever

25  business" had brought Deputy Carey to the home.  Mr. Hillblom informed Deputy Carey that Kimberly

26  L. did not reside in the house, lacked authority to invite Deputy Carey inside, and was present only for

27

28       [3]        The following factual recitation is derived generally from plaintiffs' complaint.

2

1   a supervised court-ordered visit with her daughter.

2          After telling Mr. Hillblom to sit down, Deputy Carey advanced within inches of Mr. Hillblom,

3   who demanded that Deputy Carey leave.  Deputy Carey responded by slamming Mr. Hillblom into a

4   nearby fireplace, jerking Mr. Hillblom's arms behind Mr. Hillblom's back and handcuffing Mr.

5   Hillblom.  Deputy Carey shoved Mr. Hillblom out of the house and locked Mr. Hillblom into Deputy

6   Carey's patrol car.

7          Mr. Hillblom suffered bruises and cuts to his left forearm and wrist, and his insulin pump was

8   pulled off his belt.  Mr. Hillbloom, an insulin-dependent diabetic who wears an insulin pump constantly,

9   asked Deputy Carey to reinsert the pump.  Deputy Carey responded: "I don't care."  Mr. Hillbloom

10  remained locked in the patrol car for about 40 minutes without insulin.

11         Mrs. Hillbloom and Michael L. were present and observed Mr. Hillbloom's arrest, bleeding,

12  ripping out of his insulin pump, and remaining locked in the patrol car.

13                              **Mr. Hillblom's Citation**

14         After Sgt. Broughton arrived at the home, Mrs. Hillbloom informed him of Mr. Hillbloom's

15  disconnected insulin pump and bleeding wrist.  Mr. Hillbloom was uncuffed, treated for his bleeding

16  wrist, and permitted to check his blood glucose and to place a new infusion set into his body.

17         Sgt. Broughton and Deputy Carey issued Mr. Hillblom a citation for violation of California Penal

18  Code section 148(a)(1) (resisting, obstructing or delaying a peace officer).  Sgt. Broughton and Deputy

19  Carey transported Mr. Hillblom to the Reedley Police Department (20 minutes away) where Mr.

20  Hillblom was processed and detained until approximately midnight.

21         Deputy Carey prepared a crime report which made false statements regarding Mr. Hillbloom and

22  which was approved by Sgt. Carreiro, whom plaintiffs allege on information and belief knew or should

23  have known that claims of Mr. Hillbloom's criminal conduct were false.

24          The Fresno County District Attorney's office filed a criminal complaint to charge Mr. Hillblom

25  with violation of California Penal Code section 148(a)(1) (resisting, obstructing or delaying a peace

26  officer).  After a suppression motion hearing, the prosecuting deputy attorney moved to dismiss the

27  charge against Mr. Hillblom.  Mr. and Mrs. Hillbloom claim they incurred legal expenses "to defend

28  against the malicious prosecution triggered by Carey's false report."

1

**Deputy Carey's Prior History**

2       Plaintiffs claim Deputy Carey has a volatile temper and history of excessive force and related

3  personnel complaints, steroid use, and arrests for violence.

4

**Plaintiffs' Claims**

5       Plaintiffs' complaint alleges the following claims subject to defendants' challenge:

6       1.      A (first) cause of action under section 1983 for illegal warrantless arrest in that the

7               County, Deputy Carey and Sgts. Broughton and Carreiro's acts and omissions deprived

8               Mr. Hillblom of rights secured by the Fourth, Fifth and Fourteenth Amendments to

9               subject him to excessive and unreasonable force, unjustifiable denial of liberty,

10              deprivation of necessary medical care, and conspiracy to cover up defendants'

11              misconduct by commencement of a fraudulent criminal proceeding;

12      2.      A (third) cause of action for negligent infliction of emotional distress ("NIED") that the

13              unlawful conduct of Deputy Carey and Sgt. Broughton "subjected all of the plaintiffs to

14              mental suffering and emotional distress";

15      3.      A (fourth) cause of action for intentional infliction of emotional distress ("IIED") that

16              the actions of Deputy Carey and Sgt. Broughton "constituted outrageous conduct,

17              undertaken with the intention of causing, or the reckless disregard of the probability of

18              causing, emotional distress";

19      4.      A (fifth) false arrest and false imprisonment cause of action that Deputy Carey and Sgt.

20              Broughton, with neither a warrant nor probable cause and on the County's behalf,

21              "recklessly and unlawfully detained, arrested and jailed" Mr. Hillbloom;

22      5.      A (sixth) torts in essence cause of action that the County, Deputy Carey and Sgts.

23              Broughton and Carreiro breached non-consensual duties arising out of mandatory

24              California Penal Code sections 118, 118.1, 125, 127, 137(c), 148.5, 149 and 182(2) and

25              "assaulted, battered, injured, falsely arrested and filed false crime reports" against Mr.

26              Hillblom; and

27      6.      A (seventh) negligent employment, training and supervision cause of action that the

28              County, Sheriff Pierce and Sgts. Broughton and Carreiro "failed to provide policies and

4

1   procedures to ensure meaningful reporting, monitoring and investigation of the misuse

2   and abuse of authority by Fresno County Sheriff's deputies, and failed adequately to

3   supervise personnel as to their duties and obligations under the law, policy and practice."

4   Sheriff Pierce is specifically identified as a defendant in only the (seventh) negligent employment,

5   training and supervision cause of action.[4]

6        Defendants contend that the above causes of action fail to allege necessary elements or facts for

7   defendants' liability and that Sheriff Pierce, Sgts. Broughton and Carreiro and Deputy Carey are

8   redundantly named in their official capacities.  Alternatively, defendants seek a more definite statement

9   of the (first) section 1983 and (sixth) torts in essence causes of action in that they are vague and

10  ambiguous.

11  **DISCUSSION**

12  **F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards**

13       A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set

14  forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception

15  of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not

16  whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

17  support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco*

18  *Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where

19  there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a

20  cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling*

21  *v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).  F.R.Civ.P. 12(b)(6) dismissal is proper

22  when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief,"

23  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957), and when "no relief could be granted

---

[4]   The complaint also alleges Mr. Hillbloom's (second) assault and battery cause of action that Deputy Carey
assaulted and battered Mr. Hillbloom to violate California Penal Code sections 149 and 245 in the "immediate presence" of
Mrs. Hillbloom and Michael L.  The assault and battery cause of action further alleges that Mr. Hillbloom suffered an illegal
and unjustifiable loss of liberty in that he was taken into custody without warrant, justification or probable cause.  Deputy
Carey does not challenge the assault and battery cause of action with the instant motions.

1  under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*,

2  467 U.S. 69, 73, 104 S.Ct. 2229 (1984).

3      In resolving a Rule 12(b)(6) motion, the court must:  (1) construe the complaint in the light most

4  favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine

5  whether plaintiff can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty*

6  *Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  "However, conclusory allegations of law and

7  unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d

8  696, 699 (9th Cir. 1998).  A court need not permit an attempt to amend a complaint if "it determines that

9  the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v.*

10  *N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

11              **F.R.Civ.P. 12(e) Motion For More Definite Statement Standards**

12      Defendants (except Sheriff Pierce) pursue an alternative motion for a more definite statement

13  pursuant to F.R.Civ.P. 12(e), which permits a party to seek "a more definite statement of a pleading to

14  which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

15  reasonably prepare a response."

16      A motion for a more definite statement is proper if "defendant cannot frame a responsive

17  pleading." *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. Cal. 1981); *see*

18  *Boxall v. Sequoia Union High School District*, 464 F.Supp. 1104, 1114 (N.D. Cal. 1979).  A F.R.Civ.P.

19  12(e) motion is designed to strike unintelligibility rather than lack of detail.  *See Woods v. Reno*

20  *Commodities, Inc.*, 600 F.Supp. 574, 580 (D. Nev. 1984); *Nelson v. Quimby Island Reclamation Dist.*,

21  491 F.Supp. 1364, 1385 (N.D. Cal. 1980).  A F.R.Civ.P. 12(e) motion should be denied if the pleading

22  provides a "short and plain statement" of the claim showing that the pleader is entitled to relief.  *Virgen*

23  *v. Mae*, 2007 WL 1521553, *2 (E.D. Cal. 2007) (citing F.R.Civ.P. 8(a)(2)).

24      With these standards in mind, this Court turns to defendants' challenges to plaintiffs' claims.

25                      **Plaintiffs' Section 1983 Claims**

26                              ***Official Capacity***

27      Sheriff Pierce, Sgts. Broughton and Carreiro and Deputy Carey contend that they are redundantly

28  named in their official capacities to warrant dismissal of the (first) section 1983 cause of action against

1  them in their official capacities.  The complaint's opening "Parties and Capacities" paragraphs name

2  Sheriff Pierce in his official capacity and Sgts. Broughton and Carreiro and Deputy Carey in their

3  individual and official capacities.  Defendants argue that if the County remains as a defendant, Sheriff

4  Pierce, Sgts. Broughton and Carreiro and Deputy Carey should be dismissed as "redundant defendants."

5        Official-capacity suits represent a means to plead an action against an entity of which an officer

6  is an agent.  *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018

7  (1978).  Local government officials sued in their official capacities are "persons" under section 1983 in

8  cases where a local government would be suable in its own name.  *Monell*, 436 U.S. 658, 690, n. 55,

9  98 S.Ct. 2018.  "For this reason, when both an officer and the local government entity are named in a

10  lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may

11  be dismissed." *Luke v. Abbott*, 954 F.Supp. 202, 203 (C.D. Cal. 1997) (citing *Vance v. County of Santa*

12  *Clara*, 928 F.Supp. 993, 996 (N.D.Cal.1996)).

13        "[I]t is no longer necessary or proper to name as a defendant a particular local government officer

14  acting in official capacity."  *Luke*, 954 F.Supp. at 204.  As the district court in *Luke*, 954 F.Supp. at 204,

15  explained:

16        A plaintiff cannot elect which of the defendant formats to use. If both are named, it is
         proper upon request for the Court to dismiss the official-capacity officer, leaving the
17        local government entity as the correct defendant. If only the official-capacity officer is
         named, it would be proper for the Court upon request to dismiss the officer and substitute
18        instead the local government entity as the correct defendant.

19        Plaintiffs note that in "an excess of caution," they brought the (first) section 1983 cause of action

20  against the County and its employees in their official capacities.  Plaintiffs seek to amend to name

21  Sheriff Pierce, Sgts. Broughton and Carreiro and Deputy Carey in their individual capacities only.  As

22  such, dismissal is proper of the (first) section 1983 cause of action against Sheriff Pierce, Sgts.

23  Broughton and Carreiro and Deputy Carey in their official capacities.

24                    ***The County's Section 1983 Liability***

25        The County faults the (first) section 1983 cause of action for failure to allege liability based on

26  the County's actions given that the County is not "directly liable for the acts of its employees."  The

27  County notes that the section 1983 cause of action "appears to be based on a theory of vicarious liability"

28  for violation of Mr. Hillbloom's Fourth, Fifth and Fourteenth Amendment rights upon Mr. Hillbloom's

7

1  warrantless arrest.  The County points to the absence of an alleged custom or policy to hold the County

2  "directly liable for the acts of its employees."

3      Plaintiffs respond that the County's section 1983 liability flows from its deliberate indifference

4  in policies to hire officers known to be unfit and inadequately to train, discipline or reassign unfit

5  officers.  Plaintiffs seek to amend their complaint "to clarify the County's liability for violation of their

6  civil rights."

7      A local government unit may not be held liable for the acts of its employees under a respondeat

8  superior theory.  *Monell*, 436 U.S. at 691, 98 S.Ct. 2018; *Davis v. Mason County*, 927 F.2d 1473, 1480

9  (9th Cir.), *cert. denied*, 502 U.S. 899, 112 S.Ct. 275 (1991); *Thompson v. City of Los Angeles*, 885 F.2d

10  1439, 1443 (9th Cir. 1989).  "[A] municipality cannot be held liable *solely* because it employs a

11  tortfeasor."  *Monell*, 436 U.S. at 691, 98 S.Ct. at 2018.  The local government unit "itself must cause

12  the constitutional deprivation."  *Gilette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992), *cert. denied*,

13  510 U.S. 932, 114 S.Ct. 345 (1993).  Because liability of a local governmental unit must rest on its

14  actions, not the actions of its employees, a plaintiff must go beyond the respondeat superior theory and

15  demonstrate that the alleged constitutional violation was the product of a policy or custom of the local

16  governmental unit.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989); *Pembaur*

17  *v. City of Cincinnati*, 475 U.S. 469, 478-480, 106 S.Ct. 1292 (1986).  To maintain a section 1983 claim

18  against a local government, a plaintiff must establish the requisite culpability (a "policy or custom"

19  attributable to municipal policymakers) and the requisite causation (the policy or custom as the "moving

20  force" behind the constitutional deprivation).  *Monell*, 436 U.S. at 691-694, 98 S.Ct. 2018; *Gable v. City*

21  *of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002).

22      "In addition, a local governmental entity may be liable if it has a 'policy of inaction and such

23  inaction amounts to a failure to protect constitutional rights.'"  *Lee v. City of Los Angeles*, 250 F.3d 668,

24  681 (9th Cir. 2001) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)).  A local government

25  entity may be liable under section 1983 "if its deliberate policy caused the constitutional violation

26  alleged."  *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007).  As to failure to train

27  employees, the Ninth Circuit Court of Appeals has explained:

28      The custom or policy of inaction, however, must be the result of a "conscious," . . . or "

8

'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.' " . . .

A local governmental entity's failure to train its employees can also create § 1983 liability where the failure to train "amounts to deliberate indifference to the rights of persons" with whom those employees are likely to come into contact. . . . "[F]or liability to attach in this circumstance the identified deficiency in a [local governmental entity's] training program must be closely related to the ultimate injury." . . . In other words, a plaintiff must show that his or her constitutional "injury would have been avoided" had the governmental entity properly trained its employees. . . .

*Lee*, 250 F.3d at 681 (citations omitted.)

A section 1983 plaintiff alleging a policy of failure to train peace officers must show: (1) he/she was deprived of a constitutional right; (2) the local government entity had a training policy that amounts to deliberate indifference to constitutional rights of persons' with whom its peace officers are likely to come into contact; and (3) his/her constitutional injury would have been avoided had the City properly trained those officers. *Blankenhorn*, 485 F.3d at 463.

The County's challenge to the (first) section 1983 cause of action hangs on a respondeat superior theory. Plaintiffs indicate that they proceed on a deliberate indifference/failure to train theory and seek to amend their section 1983 claims against the County. The above legal authorities support a deliberate indifference/failure to train claim. As such, this Court dismisses the complaint's (first) section 1983 cause of action against the County with leave to amend.

### *Mrs. Hillbloom and Michael L.'s Lack Of Standing*

Defendants argue that Mrs. Hillbloom and Michael L. lack standing to pursue section 1983 claims for unreasonable arrest and excessive force in that the complaint alleges that Mr. Hillbloom alone was subject to unreasonable force and unlawful arrest. Mrs. Hillbloom and Michael L. respond that they pursue cognizable Fourth Amendment invasion of privacy claims and that the complaint alleges facts for such claims. Plaintiffs note allegations that Michael L. had been living at Mr. and Mrs. Hillbloom's home and that Mrs. Hillbloom and Michael L. were present during and observed Deputy Carey's "unwarranted invasion of the Hillbloom home and violent arrest of Terry Hillbloom." In their reply papers, defendants demonstrate a better understanding of Mrs. Hillbloom and Michael L.'s Fourth Amendment claims, which defendants note are limited to "unlawful entry."

9

1      Standing to pursue a Fourth Amendment claim for unreasonable search and seizure turns on "a

2 determination of whether the disputed search and seizure has infringed an interest of the defendant which

3 the Fourth Amendment was designed to protect." *Rakas v. Illinois*, 439 U.S. 128, 139, 99 S.Ct. 421

4 (1978). The United States Supreme Court has further explained that "as a general proposition, the issue

5 of standing involves two inquiries: first, whether the proponent of a particular legal right has alleged

6 'injury in fact,' and, second, whether the proponent is asserting his own legal rights and interests rather

7 than basing his claim for relief upon the rights of third parties." *Rakas*, 439 U.S. at 139, 99 S.Ct. 421.

8 "Fourth Amendment rights are personal rights which, like some other constitutional rights may not be

9 vicariously asserted." *Brown v. United States*, 411 U.S. 223, 230, 93 S.Ct. 1565 (1973).

10      Turning to peace officer entry of a home, the Ninth Circuit has explained:

11      As the officers doubtless knew, physical entry into the home is the "chief evil
against which the wording of the Fourth Amendment is directed." *United States v. United*
12 *States District Court*, 407 U.S. 297, 313, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972); *see also*
*Murdock v. Stout*, 54 F.3d 1437, 1440 (9th Cir.1995) ("[P]rotection of individuals from
13 unreasonable government intrusion into their houses remains at the very core of the
Fourth Amendment."). To safeguard the home, we normally require a warrant before the
14 police may enter. "The right of privacy was deemed too precious to entrust to the
discretion of those whose job is the detection of crime and the arrest of criminals. . . .
15 And so the Constitution requires a magistrate to pass on the desires of the police before
they violate the privacy of the home." *McDonald v. United States*, 335 U.S. 451, 455-56,
16 69 S.Ct. 191, 93 L.Ed. 153 (1948); *see also Groh v. Ramirez*, 540 U.S. 551, 560, 124
S.Ct. 1284, 157 L.Ed.2d 1068 (2004).

17

18 *Frunz v. City of Tacoma*, 468 F.3d 1141, 1142-1143 (9th Cir. 2006).

19      In their opening papers, defendants appear to misinterpret Mrs. Hillbloom and Michael L.'s

20 claims to address unlawful search and seizure. The complaint does not allege that Mrs. Hillbloom and

21 Michael L. were searched or seized. As currently pled, Mrs. Hillbloom and Michael L.'s Fourth

22 Amendment claims are limited to invasion of privacy. The complaint adequately alleges Mrs. Hillbloom

23 and Michael L.'s right of privacy claims for which they have standing to pursue. Defendants are not

24 entitled to dismissal of such claims, and this Court cannot dismiss claims which are not pled by Mrs.

25 Hillbloom and Michael L.

26      ***Sgts. Broughton And Carreiro's Lack Of Direct Participation And Supervision***

27      Sgts. Broughton and Carreiro fault the (first) section 1983 cause of action's failure to allege

28 "material facts establishing cause or personal participation necessary to form the basis of a Fourth

1    Amendment unreasonable arrest violation." Sgt. Broughton argues that the complaint alleges only that

2    he assisted to transport Mr. Hillbloom to jail. Sgt. Broughton claims that he was not directly involved

3    in Deputy Carey's alleged Fourth Amendment violations. Sgt. Carreiro contends that the complaint

4    alleges only that she approved Deputy Carey's crime report.

5         Plaintiffs respond that the constitutional violations of Sgts. Broughton and Carreiro address

6    unlawful denial of liberty after arrest and generation of a malicious prosecution. Plaintiffs argue that

7    the complaint alleges facts that Sgt. Broughton directly and integrally participated unnecessarily to

8    extend Mr. Hillbloom's unlawful detention. Plaintiffs note that the complaint alleges that Sgt. Carreiro

9    knew or should have known that the substance of Deputy Carey's report was untrue.

10        "Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person

11   acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the

12   claimant of some right, privilege, or immunity protected by the Constitution or laws of the United

13   States." *Leer v. Murphy*, 844 F.2d 628, 632-633 (9th Cir. 1988). "Section 1983 creates a cause of action

14   based on personal liability and predicated upon fault; thus, liability does not attach unless the individual

15   defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th

16   Cir. 1996), *cert. denied*, 520 U.S. 1230, 117 S.Ct. 1822 (1997); *see Taylor v. List*, 880 F.2d 1040, 1045

17   (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the

18   defendant." )  "The inquiry into causation must be individualized and focus on the duties and

19   responsibilities of each individual defendant whose acts or omissions are alleged to have caused the

20   constitutional deprivation." *Leer*, 844 F.2d at 633.

21        A plaintiff cannot hold an officer liable "because of his membership in a group without a

22   showing of individual participation in the unlawful conduct." *Jones v. Williams*, 297 F.3d 930, 935 (9th

23   Cir. 2002) (citing *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996)). A plaintiff must "establish the

24   'integral participation' of the officers in the alleged constitutional violation." *Jones*, 297 F.3d at 935.

25   "'[I]ntegral participation' does not require that each officer's actions themselves rise to the level of a

26   constitutional violation."  *Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004).  Integral

27   participation requires "some fundamental involvement in the conduct that allegedly caused the

28   violation." *Blankenhorn*, 485 F.3d at 481, n. 12.

1    The complaint alleges at least some fundamental involvement of Sgts. Broughton and Carreiro

2  in conduct that allegedly caused Mr. Hillbloom's constitutional violations.  Sgts. Broughton and

3  Carreiro's arguments raise factual issues not suitable for resolution on their F.R.Civ.P. 12(b)(6) motion.

4  Plaintiffs correctly note their evidentiary burden to support their claims against Sgts. Broughton and

5  Carreiro.  Sgts. Broughton and Carreiro fail to substantiate dismissal of Mr. Hillbloom's section 1983

6  claims at this early pleading stage.

7    In their reply papers, Sgts. Broughton and Carreiro raise for the first time "their roles as a [sic]

8  supervisors" and argue the complaint lacks sufficient allegations to impose section 1983 supervisory

9  liability on them.  Sgts. Broughton and Carreiro appear to refer to an introductory allegation that Sgts.

10 Broughton and Carreiro "were supervisory officers and personnel, and in that capacity shared

11 responsibility with defendant PIERCE for the training and supervision of defendant CAREY."

12   A moving party's attempt to introduce new facts or different legal arguments in reply papers is

13 improper.  *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 894-895, 110 S.Ct. 3177, 3192

14 (1990) (court has discretion to disregard late-filed factual matters); *but see also Glenn K. Jackson v. Roe*,

15 273 F.3d 1192, 1201-1202 (9th Cir. 2001) (district court's discretion to consider issue raised for first

16 time in reply brief).  Sgts. Broughton and Carreiro improperly delayed with their reply papers to attempt

17 to dismiss section 1983 supervisory claims to the extent such claims are alleged.  As such, this Court is

18 not in a position to grant such relief.  Moreover, there is a question that plaintiffs pursue such section

19 1983 claims given that the thrust of their supervisory claims appears in their (seventh) negligent

20 employment, training and supervision cause of action.

21   In her reply papers, Sgt. Carreiro raises for the first time her contention that she cannot be liable

22 "for malicious prosecution under Section 1983, as she, as a police sergeant, does not initiate criminal

23 prosecutions."  Again, Sgt. Carreiro improperly delayed to address this issue.  The complaint makes a

24 fact-intensive claim that Sgt. Carreiro approved a crime report which she knew or should have known

25 contained false allegations.  As this time, this Court is not in a position to pass on Sgt. Carreiro's section

26 1983 liability pertaining to the criminal report and charges against Mr. Hillbloom.

27                            ***Fifth Amendment Violation***

28    The (first) section 1983 cause of action alleges that defendants deprived Mr. Hillbloom of Fifth

12

1   Amendment rights.  Defendants note the absence of allegations of a coerced statement used against

2   plaintiffs in a criminal proceedings.  Plaintiffs acknowledge that the Fifth Amendment reference was

3   inadvertent and request to delete it.  Due to plaintiffs' inadvertence, they are entitled to delete the Fifth

4   Amendment reference.

5                                       ***Fourteenth Amendment Violations***

6           Defendants argue that plaintiffs are unable to pursue independent Fourteenth Amendment claims

7   based on allegations relating to their superceding Fourth Amendment claims.

8           "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for

9   vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807,

10  811 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 2694, n. 3 (1979)).  The

11  first step in any such claim is to identify the specific constitutional right allegedly infringed.  *Albright*,

12  510 U.S. at 271, 114 S.Ct. at 811.  "Where a particular Amendment "provides an explicit textual source

13  of constitutional protection" against a particular sort of government behavior, "that Amendment, not the

14  more generalized notion of 'substantive due process,' must be the guide of analyzing these claims."

15  *Albright*, 510 U.S. at 273, 114 S.Ct. at 813 (quoting *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct.

16  1865, 1871 (1989).

17          "Failure to observe the requirements of the fourth amendment will not support an independent

18  claim for a failure of due process, particularly in this case, where the facts supporting each claim are

19  identical."  *Simons v. Marin County*, 682 F.Supp. 1463, 1470 (N.D. Cal. 1987).  "If the fourth

20  amendment, which specifically governs the standards of arrest has not been breached, neither will the

21  plaintiff be able to state a claim under the more general fourteenth amendment standard."  *Simons*, 682

22  F.Supp. at 1470.

23          Plaintiffs, in particular Mr. Hillbloom, do not challenge meaningfully that Fourth Amendment

24  claims supersede Fourteenth Amendment claims.  Plaintiffs point to liberty interest platitudes which are

25  distinct from their particular Fourth Amendment claims.  Plaintiffs' key rights at issue address

26  warrantless home entry, excessive force and wrongful arrest – matters subject to the Fourth

27  Amendment's explicit textual source.  The Fourth Amendment, not more generalized substantive due

28  process, guides analysis of plaintiffs' claims.

1   Defendants contend the complaint fails to state a Fourteenth Amendment procedural due process

2   claim given that Mr. Hillbloom's underlying criminal action was dismissed.  Mr. Hillbloom claims that

3   he "has adequately alleged that defendants' actions caused him to suffer a loss of liberty, and even

4   subjected him to incarceration, all without due process."

5   "The Fourteenth Amendment does not protect against all deprivations of liberty.  It protects only

6   against deprivations of liberty accomplished 'without due process of law.'"  *Baker*, 443 U.S. at 145, 99

7   S.Ct. at 2695.   A "procedural due process claim challenges the procedures used in effecting a

8   deprivation."   *Sierra Lake Reserve v. City of Rocklin*, 938 F.2d 951, 957 (9th Cir. 1991).   "The

9   Constitution does not guarantee that only the guilty will be arrested."  *Baker*, 443 U.S. at 145, 99 S.Ct.

10   at 2695.

11   Plaintiffs point to no precise allegations to support liberty deprivation without due process of law.

12   Again, plaintiffs' allegations are grounded in the Fourth Amendment.

13   Defendants contend that the complaint's Fourteenth Amendment substantive due process claims

14   fail in absence of "indication that any plaintiff suffered a deprivation of a recognized fundamental

15   interest (such as life, liberty, property, privacy, familial association, or pursuit of occupation)" or

16   "conscience shocking" conduct.  Plaintiffs point to allegations of Deputy Carey's excessive force as

17   deprivations of liberty "without due process of law" and which "shock the conscience."

18   "The concept of 'substantive due process,' semantically awkward as it may be, forbids the

19   government from depriving a person of life, liberty, or property in such a way that 'shocks the

20   conscience' or 'interferes with rights implicit in the concept of ordered liberty.'"  *Nunez v. City of Los*

21   *Angeles*, 147 F.3d 867, 871 (9th Cir. 1998).  The substantive component of the Due Process Clause is

22   violated by executive action only when it "can properly be characterized as arbitrary, or conscience

23   shocking, in a constitutional sense."  *Collins v. City of Harker Heights*, 503 U.S. 115, 128, 112 S.Ct.

24   1061, 1070 (1992).

25   "The protections of substantive due process have for the most part been accorded to matters

26   relating to marriage, family, procreation, and the right to bodily integrity."  *Albright*, 510 U.S. at 272,

27   114 S.Ct. at 812.   The Fourteenth Amendment's due process clause "provides heightened protection

28   against government interference with certain fundamental rights and liberty interests."  *Washington v.*

14

1    *Glucksberg*, 521 U.S. 702, 721, 117 S.Ct. 2258 (1997).  "There is no general liberty interest in being free

2    from capricious government action."  *Nunez*, 147 F.3d at 873.  Substantive due process does not protect

3    individuals from all governmental actions that infringe liberty in violation of some law.  *Santiago de*

4    *Castro v. Medina*, 943 F.2d 129, 130-131 (1st Cir. 1991).  Courts must resist the temptation to augment

5    the substantive reach of the Fourteenth Amendment, "particularly if it requires redefining the category

6    of rights deemed to be fundamental."  *Michael H. v. Gerald D.*, 491 U.S. 110, 109 S.Ct. 2333, 2341

7    (1989); *Bowers v. Hardwick*, 478 U.S. 186, 194-95, 106 S.Ct. 2841, 2846 (1986).

8           As noted by defendants, emotional health claims do not warrant substantive due process

9    protection.  *See Santiago de Castro*, 943 F.2d at 131 (employment supervisor's verbal harassment);

10   *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991) (emotional injury from verbal harassment insufficient

11   to constitute invasion of protected liberty interest); *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir.

12   1989) (policeman's "I'm going to get you" threat "not an actual infringement of constitutional right");

13   *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal harassment including sheriff's threat to

14   "hang" prisoner states no constitutional deprivation).

15          This Court is not in a position to augment plaintiffs' Fourth Amendment claims within the

16   Fourteenth Amendment's substantive reach.  Again, plaintiffs' allegations support Fourth Amendment

17   claims, not Fourteenth Amendment claims.  Plaintiffs' Fourteenth Amendment claims are dismissed.

18                                    **Mr. Hillbloom's NIED Claim**

19          Defendants argue that Mr. Hillbloom's (third) NIED cause of action fails in that Mr. Hillbloom

20   is "the alleged injury victim," not a bystander.  Plaintiffs acknowledge that Mr. Hillbloom was a "direct

21   victim" of Sgt. Broughton and Carreiro and Deputy Carey's breaches of constitutional and statutory

22   duties and suffered injury as a direct and proximate cause of such breaches.

23          NIED is a form of the tort of negligence, to which the elements of duty, breach of duty, causation

24   and damages apply.  *Huggins v. Longs Drug Stores California, Inc.*, 6 Cal.4th 124, 129, 24 Cal.Rptr.2d

25   587 (1993).  California law recognizes that "there is no independent tort of negligent infliction of

26   emotional distress" in that "[t]he tort is negligence, a cause of action in which a duty to the plaintiff is

27   an essential element."  *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 984, 25 Cal.Rptr.2d 550

28   (1993).  The existence of a duty is a question of law.  *Marlene F. v. Affiliated Psychiatric Medical*

                                              15

1     *Clinic, Inc.,* 48 Cal.3d 583, 588, 257 Cal.Rptr. 98 (1989).

2         NIED includes "at least two variants of the theory" – "bystander" cases and "direct victim" cases.

3 *Wooden v. Raveling*, 61 Cal.App.4th 1035, 1037, 71 Cal.Rptr.2d 891, 892 (1998). "The distinction

4 between the 'bystander' and the 'direct victim' cases is found in the source of the duty owed by the

5 defendant to the plaintiff." *Burgess v. Superior Court*, 2 Cal.4th 1064, 1072, 9 Cal.Rptr.2d 615 (1992).

6 "Bystander" claims are typically based on breach of a duty owed to the public in general (*Christensen*

7 *v. Superior Court*, 54 Cal.3d 868, 884, 2 Cal.Rptr.2d 79 (1991)), whereas a right to recover for emotional

8 distress as a "direct victim" arises from the breach of a duty that is assumed by the defendant or imposed

9 on the defendant as a matter of law, or that arises out of the defendant's preexisting relationship with the

10 plaintiff (*Burgess*, 2 Cal.4th at 1073-1074, 9 Cal.Rptr. 615; *Marlene F.*, 48 Cal.3d at 590, 257 Cal.Rptr.

11 98). "[B]ystander liability is premised upon defendant's violation of a duty not to negligently cause

12 emotional distress to people who observe conduct which causes harm to another." *Burgess*, 2 Cal.4th

13 at 1073, 9 Cal.Rptr. 615.

14         "'Bystander' cases are cases in which the plaintiff was not physically impacted or injured, but

15 instead witnessed someone else being injured due to defendant's negligence." *Wooden*, 61 Cal.App.4th

16 at 1037, 71 Cal.Rptr.2d at 892. "'Direct victim' cases are cases in which the plaintiff's claim of

17 emotional distress is not based upon witnessing an injury to someone else, but rather is based upon the

18 violation of a duty owed directly to the plaintiff." *Wooden*, 61 Cal.App.4th at 1038, 71 Cal.Rptr.2d at

19 893-894. In "direct victim" cases, "well-settled principles of negligence are invoked to determine

20 whether all elements of a cause of action, including duty, are present in a given case." *Burgess*, 2

21 Cal.4th at 1073, 9 Cal.Rptr.2d 615. "[U]nless the defendant has assumed a duty to plaintiff in which the

22 emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises

23 out of the defendant's breach of some other legal duty and emotional distress is proximately caused by

24 that breach of duty." *Potter*, 6 Cal.4th at 985, 25 Cal.Rptr.2d 550.

25         Although the (third) NIED cause of action by itself appears to plead bystander claims of Mrs.

26 Hillbloom and Michael L., the cause of action incorporates all prior paragraphs, including alleged

27 breaches of duties directed to Mr. Hillbloom. Defendants' direct victim arguments fail, and in particular,

28 defendants' unsupported assertion that Sgt. Broughton and Deputy Carey's mere response to the scene

1   did not create a "special relationship" with Mr. Hillbloom.  Sgt. Broughton and Deputy Carey offer

2   nothing pertinent to support an attempt to disavow duties to Mr. Hillbloom.  The (third) NIED cause of

3   action passes F.R.Civ.P. 12(b)(6) scrutiny.

4                   **IIED Claims Against Sgt. Broughton And Deputy Carey**

5          Sgt. Broughton and Deputy Carey argue that Mrs. Hillblom and Michael L.'s (fourth) IIED cause

6   of action fails in the absence of allegations that Sgt. Broughton and Deputy Carey's conduct was directed

7   toward Mrs. Hillbloom and Michael L.  Plaintiffs respond that the alleged "egregious conduct directed

8   at plaintiff Terry Hillbloom, and which occurred in the immediate presence of plaintiffs Sandra

9   Hillbloom and Michael L." is sufficient to plead IIED claims for Mr. Hillbloom and Michael L.

10         The elements of a cause of action for intentional infliction of emotional distress are: (1)

11   defendant's outrageous conduct; (2) defendant's intention to cause, or reckless disregard of the

12   probability of causing, emotional distress; (3) plaintiff's suffering severe or extreme emotional distress;

13   and (4) an actual and proximate causal link between the tortious (outrageous) conduct and the emotional

14   distress.  *Nally v. Grace Community Church of the Valley*, 47 Cal.3d 278, 300, 253 Cal.Rptr. 97, 110

15   (1988), *cert. denied*, 490 U.S. 1007, 109 S.Ct. 1644 (1989)*;Cole v. Fair Oaks Fire Protection Dist.*, 43

16   Cal.3d 148, 155, n. 7, 233 Cal.Rptr. 308 (1987).  The "[c]onduct to be outrageous must be so extreme

17   as to exceed all bounds of that usually tolerated in a civilized community."  *Davidson v. City of

18   Westminister*, 32 Cal.3d 197, 209, 185 Cal.Rptr. 252 (1982) (quoting *Cervantez v. J.C. Penney Co.*, 24

19   Cal.3d 579, 593, 156 Cal.Rptr.198 (1979)).  Conduct is extreme and outrageous when it is of a nature

20   which is especially calculated to cause, and does cause, mental distress.  Liability does not extend to

21   mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.  *Fisher v. San Pedro

22   Peninsula Hosp.*, 214 Cal.App.3d 590, 617, 262 Cal.Rptr. 842, 857 (1989).

23         To support an IIED claim, the conduct must be more than "intentional and outrageous. It must

24   be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is

25   aware."  *Christensen v. Superior Court*, 54 Cal.3d at 903, 2 Cal.Rptr.2d 79 (1991).  The California

26   Supreme Court has further explained:

27          "The law limits claims of intentional infliction of emotional distress to egregious conduct
              toward plaintiff proximately caused by defendant." . . . The only exception to this rule
28            is that recognized when the defendant is aware, but acts with reckless disregard, of the

1    plaintiff and the probability that his or her conduct will cause severe emotional distress
     to that plaintiff. . . . Where reckless disregard of the plaintiff's interests is the theory of
2    recovery, the presence of the plaintiff at the time the outrageous conduct occurs is
     recognized as the element establishing a higher degree of culpability which, in turn,
3    justifies recovery of greater damages by a broader group of plaintiffs than allowed on a
     negligent infliction of emotional distress theory. . . .

4

5    *Christensen*, 54 Cal.3d at 905-906, 2 Cal.Rptr.2d 79 (citations omitted.)

6         Mrs. Hillbloom and Michael L. rest their IIED claims on witnessing Deputy Carey's alleged

7    invasion of their home, throwing Mr. Hillbloom against a wall, tearing away his insulin pump, and

8    marching Mr. Hillbloom to a patrol car where he was locked.  Although the complaint does not allege

9    Deputy Carey's conduct was directed at Mrs. Hillbloom and Michael L., the complaint alleges Deputy

10   Carey's conduct occurred in Mrs. Hillbloom and Michael L.'s presence and that Deputy Carey was so

11   aware.  Mrs. Hillbloom and Michael L. proceed on a reckless disregard of their interests theory to avoid

12   F.R.Civ.P. 12(b)(6) dismissal of their IIED claims.

13   **False Arrest And False Imprisonment Claims Against Sgt. Broughton And Deputy Carey**

14        Sgt. Broughton and Deputy Carey contend that their probable cause to arrest Mr. Hillbloom

15   dooms Mr. Hillbloom's (fifth) false arrest and false imprisonment cause of action against them and that

16   the complaint supports probable cause by alleging that Mr. Hillbloom impeded Deputy Carey's

17   investigation because Mr. Hillbloom requested and demanded Deputy Carey to leave his residence.

18   Plaintiffs respond that the complaint alleges "that Mr. Hillbloom exercised his constitutional right not

19   to have [Deputy] Carey in his home without his consent, or a warrant, or exigent circumstances."

20   Plaintiffs suggest that the issue of probable cause cannot be determined at the pleading stage.

21        "The 'reasonableness' and hence constitutionality of a warrantless arrest is determined by the

22   existence of probable cause."  *Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990). The "question of

23   whether a reasonable officer could have believed probable cause (or reasonable suspicion) existed to

24   justify a search or an arrest is 'an essentially legal question' that should be determined by the district

25   court at the earliest possible point in the litigation."  *Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th

26   Cir. 1993) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815 (1985)).

27        The "crucial inquiry" is whether there was "probable cause to make the arrest."  *Barry*, 902 at

28   772; *see McKenzie v. Lamb*, 738 F.2d 1005, 1007 (9th Cir. 1984). "Law enforcement officers may make

1    warrantless arrests where there are 'reasonable grounds to believe' that a crime has been committed and

2    the person arrested has committed the offense." *Tachiquin v. Stowell*, 789 F.Supp. 1512, 1518 (E.D.

3    Cal. 1992) (quoting *Henry v. United States*, 361 U.S. 98, 80 S.Ct. 168 (1959)). "Probable cause for a

4    warrantless arrest arises when the facts and circumstances within the officer's knowledge are sufficient

5    to warrant a prudent person to believe 'that the suspect has committed, is committing, or is about to

6    commit an offense.'" *Barry*, 902 F.2d at 773 (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S.Ct.

7    2627, 2632 (1979)).

8              This Court disagrees with Sgt. Broughton and Deputy Carey's probable cause analysis.  The

9    complaint alleges sufficient facts to vitiate the reasonableness of Deputy Carey's actions, including entry

10   into and traverse through the home and exercise of force on Mr. Hillbloom.  Mr. Hillbloom's purported

11   crime arose from Deputy Carey's alleged illegal acts to negate reasonable grounds to believe Mr.

12   Hillbloom committed or had committed a crime.  The complaint suggests that had Deputy Carey

13   remained outside the home, probable cause would not have become an issue.  Mr. Hillbloom's (fifth)

14   false arrest and false imprisonment cause of action is not subject to dismissal at the pleading stage.

15                                            **Torts In Essence Claims**

16             Defendants contend that plaintiffs' (sixth) torts in essence cause of action "is not cognizable" to

17   warrant its dismissal.  As an alternative to dismissal, defendants request that plaintiffs replead the torts

18   in essence cause of action with greater specificity. Plaintiffs respond that the torts in essence cause of

19   action is not subject to F.R.Civ.P. 12 disposition because "it is a mixed question of fact and law, and

20   depends on a factual showing . . . that the statutes in question were violated, that the plaintiffs suffered

21   injury and that their injury is 'one of the consequences the [Legislature] sought to prevent through

22   imposing the alleged mandatory duty' prescribed in the statutes in question."

23             As a reminder, the (sixth) torts in essence cause of action alleges that the County, Deputy Carey

24   and Sgts. Broughton and Carreiro breached non-consensual duties arising out of mandatory California

25   Penal Code sections 118, 118.1, 125, 127, 137(c), 148.5, 149 and 182(2) and "assaulted, battered,

26   injured, falsely arrested and filed false crime reports" against Mr. Hillblom.  To support their torts in

27   essence cause of action, plaintiffs cite *Willis v. City of Los Angeles*, 57 Fed. Appx. 283, 289 (9th Cir.

28   2002), where the Ninth Circuit upheld a defense favorable summary judgment of a torts in essence claim

1  in "that the statutes cited do not create private rights of action."  Plaintiffs also cite *Duplessis v. City of*

2  *Los Angeles*, 32 Fed.Appx. 835, 836 (9th Cir. 2002), where the Ninth Circuit upheld dismissal of a torts

3  in essence claim because plaintiff did not demonstrate that a statutory violation "caused an injury of the

4  type the statute was intended to prevent."

5      Plaintiffs do not defend meaningfully their torts in essence cause of action.  Plaintiffs fail to

6  demonstrate how their cited California Penal Code sections create private rights of action and how

7  alleged violations of the statutes caused an injury of the type the statutes were intended to prevent.

8  Defendant correctly note that plaintiffs offer no authority that the cited California Penal Code sections

9  mandate a duty on defendants to support a tort claim.  Plaintiffs provide no pertinent legal authority for

10  the torts in essence cause of action.  This Court is not in a position to construct plaintiffs' torts in essence

11  cause of action when they fail to do.  In the absence of sufficient support, the torts in essence cause of

12  action is subject to dismissal.

13              **Negligent Employment, Training & Supervision Claims**

14      Sheriff Pierce and Sgts. Broughton and Carreiro contend that the complaint fails to demonstrate

15  how they negligently failed to train, supervise and employ Deputy Carey to warrant dismissal of the

16  "vague and conclusory" (seventh) negligent employment, training and supervision cause of action.

17  Plaintiffs contend that the cause of action satisfies F.R.Civ.P. 8(a)'s requirement of "a short and plain

18  statement of the claim showing that the pleader is entitled to relief."  Plaintiffs note that the details of

19  the Department's decision-making regarding Deputy Carey, especially given his violent history, is

20  subject to discovery, including production of Deputy Carey's personnel file.

21      Plaintiffs are correct.  Their negligent employment, training and supervision claims are fact

22  intensive and not subject to ready disposal at the pleading stage.  The negligent employment, training

23  and supervision cause of action satisfies F.R.Civ.P. 8(a) to avoid dismissal.

24                  **County's Direct Tort Liability**

25  _____The County contends that plaintiffs' tort (third through seventh) causes of action  fail to allege

26  a necessary statutory basis for the County's direct tort liability.  The County notes that plaintiffs' tort

27  causes of action fail to identify a statutory basis to find the County "directly liable under tort principles."

28  Plaintiffs acknowledge that their "claims against the County, per se, are restricted to the first [section

1  1983] cause of action, alleging a *Monell* claim for policies resulting in failures properly to hire or

2  adequately to train Fresno County Sheriff's deputies.  Plaintiffs will amend to clarify remaining causes

3  of action."

4         The California Tort Claims Act, Cal. Gov. Code, §§ 810, et. seq., does not provide that a public

5  entity is liable for its own conduct or omission to the same extent as a private person or entity.  *Zelig v.*

6  *County of Los Angeles*, 27 Cal.4th 1112, 1128, 119 Cal.Rptr.2d 709, 722 (2002).  California Government

7  Code section 815(a) provides that a "public entity is not liable for an injury, whether such injury arises

8  out of an act or omission of the public entity or a public employee or any other person,"  "[e]xcept as

9  otherwise provided by statute."  Certain statutes provide expressly for public entity liability in

10  circumstances that are somewhat parallel to the potential liability of private individuals and entities, but

11  the Tort Claims Act's intent "is not to expand the rights of plaintiffs in suits against governmental

12  entities, but to confine potential governmental liability to rigidly delineated circumstances." *Brown v.*

13  *Poway Unified School Dist.*, 4 Cal.4th 820, 829, 15 Cal.Rptr.2d 679 (1993).

14         A court first determines whether a statute "imposes direct liability" on a defendant public entity.

15  *Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1111, 16 Cal.Rptr.3d 521, 547 (2004).  "[D]irect

16  tort liability of public entities must be based on a specific statute declaring them to be liable, or at least

17  creating some specific duty of care, and not on the general tort provisions of [California] Civil Code

18  section 1714."  *Eastburn v. Regional Fire Protection Authority*, 31 Cal.4th 1175, 1183, 80 P.3d 656

19  (2003).  "[B]ecause under the Tort Claims Act all governmental tort liability is based on statute, the

20  general rule that statutory causes of action must be pleaded with particularity is applicable."  *Lopez v.*

21  *So. Cal. Rapid Transit Dist.*, 40 Cal.3d 780, 795, 221 Cal.Rptr. 840 (1985).  Thus, "to state a cause of

22  action against a public entity, every fact material to the existence of its statutory liability must be pleaded

23  with particularity." *Peter W. v. San Francisco Unified Sch. Dist.,* 60 Cal.App.3d 814, 819, 131 Cal.Rptr.

24  854 (1960)*.*

25         Plaintiffs appear to acknowledge that the County is not subject to direct liability for plaintiffs'

26  tort (third through seventh) causes of action.  Plaintiffs point to no statute to declare the County liable

27  or to create a specific duty of care to subject the County to direct tort liability.  As such, the tort (third

28  through seventh) causes of action improperly name the County as a defendant.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES the (first) section 1983 cause of action against Sheriff Pierce, Sgts. Broughton and Carreiro and Deputy Carey in their official capacities;

2. DISMISSES with leave to amend the (first) section 1983 cause of action against the County;

3. DENIES defendants' motion to dismiss Mrs. Hillbloom and Michael L.'s Fourth Amendment right of privacy claims alleged in the (first) section 1983 cause of action;

4. DENIES defendants' motion to dismiss Mr. Hillbloom's claims against Sgts. Broughton and Carreiro alleged in the (first) section 1983 cause of action;

5. ORDERS plaintiffs to omit from their amended complaint reference to a Fifth Amendment claim;

6. DISMISSES with prejudice the Fourteenth Amendment claims alleged in the (first) section 1983 cause of action;

7. DENIES defendants' motion to dismiss Mr. Hillbloom's (third) NIED cause of action;

8. DENIES defendants' motion to dismiss Mrs. Hillbloom and Michael L.'s (fourth) IIED cause of action;

9. DENIES defendants' motion to dismiss Mr. Hillbloom's (fifth) false arrest and false imprisonment cause of action;

10. DISMISSES with prejudice the (sixth) torts in essence cause of action;

11. DENIES defendants' motion to dismiss plaintiffs' (seventh) negligent employment, training and supervision cause of action;[5]

12. DISMISSES with prejudice the tort (third through seventh) causes of action against the County only; and

/ / /

/ / /

---

[5]     The fourth, fifth and seventh causes of action remain viable as to Sheriff Pierce, Sgts. Broughton and Carreiro and Deputy Carey, as applicable, but not as to the County, which is dismissed from the causes of action.

1         13.     ORDERS plaintiffs, no later than February 25, 2008, to file a first amended complaint

2         consistent with and in compliance with this order.

3        IT IS SO ORDERED.

4    **Dated:   February 4, 2008**                  **/s/ Lawrence J. O'Neill**
                                                UNITED STATES DISTRICT JUDGE