James D. Weakley, Esq.     Bar No. 082853
Michael R. Linden, Esq.    Bar No. 192485
Maribel Hernandez, Esq.    Bar No. 258689

WEAKLEY, ARENDT &
   McGUIRE, LLP
1630 East Shaw Avenue, Suite 176
Fresno, California  93710

Telephone: (559) 221-5256
Facsimile:  (559) 221-5262

Attorneys for Defendants, COUNTY OF FRESNO and former FRESNO COUNTY SHERIFF RICHARD PIERCE; FRESNO COUNTY DEPUTY SHERIFF ROBERT CAREY; FRESNO COUNTY SHERIFF'S SERGEANTS KATHY CARREIRO and E. BROUGHTON

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY HILLBLOM, SANDRA HILLBLOM, and MICHAEL L., a minor, by and through his guardians ad litem, TERRY and SANDRA HILLBLOM,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF FRESNO; former FRESNO COUNTY SHERIFF RICHARD PIERCE; FRESNO COUNTY DEPUTY SHERIFF ROBERT CAREY; FRESNO COUNTY SHERIFF'S SERGEANTS KATHY CARREIRO and E. BROUGHTON; and DOES 1 through 50,<br><br>　　　　Defendants. | CASE NO.: 1:07-CV-01467-LJO-SMS<br><br>**SECOND STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: 07/23/07 |

　　　　IT IS HEREBY STIPULATED, by, among and between the parties hereto through their counsel of record, that documents and materials produced by defendant COUNTY OF FRESNO ("defendant COUNTY") to plaintiffs TERRY HILLBLOM, SANDRA HILLBLOM, and MICHAEL L., a minor, by and through his guardians ad litem, TERRY and SANDRA HILLBLOM ("Plaintiffs") pursuant to plaintiffs' Request for Production of Documents (Set No. One) may be designated as "confidential" by defendant COUNTY and produced subject to the following Protective Order:

1.     The disclosed documents designated as "confidential" shall be used solely in connection with the civil case of *Terry Hillblom, et al., v. County of Fresno, et al.,* United States District Court Case No. 1:07-cv-01467-LJO-SMS (Eastern District of California), and in the preparation and trial of this action, and any related proceeding. Defendants are not waiving any objections to the admissibility of the documents or portions of the documents in future proceedings, including the trial of this matter. Any documents submitted in related litigation or that were under seal, remain under seal in this action.

2.     The "confidential" documents and materials are identified as follows:

Exhibit 1- Fresno County Sheriff's Department Policies and Procedures - Use of Force Reporting Requirements (Section 701)

Exhibit 2 - Fresno County Sheriff's Department Policies and Procedures - Forcible Entry (Section 306)

Exhibit 3 - Fresno County Sheriff's Department Policies and Procedures - Training Policy (Section 801)

Exhibit 4 - Fresno County Sheriff's Department Internal Affairs Investigation re. citizen complaint of plaintiff Terry Hillblom.

Exhibit 5 - Commission on Peace Officers Standards and Training Confidential Profile Report re: Robert Carey, Eric Broughton, and Kathy Carreiro.

3.     Documents or materials designated under this Stipulated Protective Order may only be disclosed to the following persons:

a)     Patience Milrod, counsel for plaintiffs, as well as any other legal counsel retained by Ms. Milrod for purposes of this litigation;

b)     Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (a) directly above, including stenographic deposition reporters or videographers retained in connection with this action;

c)     Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

d)     Any expert, consultant or investigator retained in connection with this action;

        e)     The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel;

    4.     Each recipient of documents or materials identified above, shall be provided with a copy of this Stipulated Protective Order, which he or she shall read prior to the disclosure of the documents or material. Upon reading this Stipulated Protective Order, such person shall acknowledge in writing that he or she has read this Stipulated Protective Order and shall abide by its terms. Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding related to enforcement of this Stipulated Protective Order, including without limitation, any proceeding for contempt. Provisions of this Stipulated Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court. Plaintiffs' counsel shall be responsible for internally tracking the identities of those individuals to whom copies of the documents or materials are given.

    5.     The production of documents and materials identified above is without prejudice to the right of any party to oppose the admissibility of the designated information.

    6.     A party may apply to the Court for an order that information or materials designated above are not, in fact, "confidential". Prior to so applying, the party seeking to reclassify the information or materials shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Order. The producing party shall have the burden of establishing the propriety of the designation of these documents or materials as "confidential". A party shall not be obligated to challenge the propriety of a "confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

    7.     Copies of "Confidential" Documents

The following procedures shall be utilized by the parties in production of documents and materials designated "confidential" and identified above:

        a)     Plaintiff's counsel shall receive one copy of the documents or materials

designated as "confidential" above.

  b) Plaintiff's counsel shall not copy, duplicate, furnish, disclose, or otherwise divulge any information contained in the "confidential" documents to any source except those individuals to whom disclosure is permitted pursuant to paragraph 3, supra, without further order of the Court or authorization from counsel for defendants.

  c) If Plaintiffs' counsel believes, in good faith, that she requires additional copies of documents or materials designated as "confidential" and identified above, she shall make a further request for documents to counsel for defendants. Upon agreement with counsel for defendants, copies will be produced in a timely manner to plaintiffs' counsel, pursuant to the procedures of this Stipulated Protective Order.

  d) Plaintiffs shall be billed for the copying of the documents or materials designated as "confidential" at defendants' costs.

  8. Notwithstanding the provisions of paragraph 3 of this Stipulated Protective Order, documents or materials designated "confidential" and produced pursuant to this Stipulated Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization.

  9. Should any documents or materials designated "confidential" and identified above be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Stipulated Protective Order, the disclosing person(s) shall promptly:

  (a) inform counsel for defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and

  (b) use best efforts to bind the recipient(s) to the terms of this Stipulated Protective Order. No information shall lose its "confidential" status because it was disclosed to a person not authorized to receive it under this Stipulated Protective Order.

  10. After the conclusion of this litigation, all documents and materials, in whatever form stored or reproduced, designated "confidential" and identified above will remain confidential. All documents and materials produced to plaintiffs pursuant to this Stipulated Protective Order shall be returned to counsel for defendants in a manner in which counsel will be able to reasonably verify

that all documents were returned.

All parties also ensure that all persons to whom documents or materials designated "confidential" and identified above were disclosed shall be returned to counsel for defendants. The conclusion of this litigation means a termination of the case following trial, settlement or the exhaustion of all appeals.

11. No later than 30 days of settlement or of receiving notice of the entry of an order, judgment, or decree terminating this action, or the exhaustion of all appeals, all persons having received the documents or materials designated "confidential" and identified above shall return said documents to counsel for defendants.

12. If any party appeals a jury verdict or order terminating the case, plaintiffs' counsel shall retain possession of all documents or materials designated "confidential" and identified above pending final outcome of the appeal after which they shall be returned to counsel for defendants.

13. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. After this action terminates, any party may seek to modify or dissolve this Stipulated Protective Order by Court order for good cause shown or by the parties' stipulation.

14. The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of "confidential" material.

///
///
///
///
///
///

Second Stipulated Protective Order

1  DATED: July 22, 2009
2                                                              WEAKLEY, ARENDT & McGUIRE, LLP

3                                                              By:    /s/ Michael R. Linden
                                                                      Michael R. Linden
4                                                                     Attorney for Defendants

5  DATED: July 22, 2009
6                                                              LAW OFFICE OF PATIENCE MILROD

7                                                              By:    /s/ Patience Milrod
                                                                      Patience Milrod
8                                                                     Attorney for Plaintiffs TERRY HILLBLOM,
                                                                      et al.
9

10

11

   IT IS SO ORDERED.
12
   **Dated:   July 31, 2009**                                          **/s/ Sandra M. Snyder**
13                                                                     UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

Second Stipulated Protective Order

6