UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY HILLBLOM, SANDRA HILLBLOM, and MICHAEL L., a minor, by and through his guardians ad litem, TERRY and SANDRA HILLBLOM, | 1:07-cv-01467-LJO-SMS |
| Plaintiffs, | **ORDER RE: PLAINTIFFS' MOTION TO COMPEL RESPONSES TO DOCUMENT REQUESTS AND FOR ANSWERS TO INTERROGATORIES** (Doc. 44) -and- ***AMENDED*** **MOTION TO COMPEL RESPONSES TO SUBPOENA, TO DOCUMENT REQUESTS AND FOR ANSWERS TO INTERROGATORIES** (Doc. 47) |
| vs. | |
| COUNTY OF FRESNO; former FRESNO COUNTY SHERIFF RICHARD PIERCE; FRESNO COUNTY DEPUTY SHERIFF ROBERT CAREY; FRESNO COUNTY SHERIFF'S SERGEANTS KATHY CARREIRO and E. BROUGHTON, et al., | |
| Defendants. | |

These matters came on regularly for hearing on October 15, 2009, before the Honorable Sandra M. Snyder, United States Magistrate Judge. Based on this Court's experience, matters such as those framed by these motions become more enlightened and therefore often resolved by informal roundtable discussion between the Court and all counsel rather than formally on the record in open court. Inasmuch as this Court informally met and conferred telephonically with counsel on August 11, 2009,

1

regarding some of the issues of these motions (Doc. 45), it

seemed the best use of judicial resources, as well as due to the

press of other judicial business, to conduct such a roundtable on

October 15, 2009.  Pursuant to Local Rule 78-230 (h), the Court

deemed these matters submitted upon the record as the Court knows

it, the joint statement re: discovery disagreement filed October

8, 2009 (Doc. 52), as well as pursuant to the almost two-hour

meeting with counsel in chambers.

The Court rules as follows:

A.   <u>Adverse Judgments/Settlements and Consequences</u>

            With regard to Interrogatory No. 5, the parties are at

an impasse regarding which should happen first, i.e., Plaintiffs

depose Lt. Mark Padilla, commander of the Human Resources unit of

the Sheriff' Department, with respect to maintenance of records

concerning litigation against department personnel, as well as

the person most knowledgeable ("PMK") from Fresno County Risk

Management concerning maintenance of records of excessive force

lawsuits, or Defendants produce copies of federal or state civil

actions filed in the past five (5) years against the County of

Fresno, its Sheriff's Department, and/or individual officers,

alleging violations of individuals' civil rights based on

excessive force during arrest.  Defendants argue that Plaintiffs

long ago could have gone to the various state and/or federal

court clerk's offices, perused the dockets for the last five (5)

years, and gathered data of a sufficient number of lawsuits

through their own efforts.  Plaintiffs argue that production by

Defendants of copies of claims and/or lawsuits easily known to

the Defendant entities described above would have at least gotten

2

1   the ball rolling.  Since time is now of the essence, it seems

2   that deposing Lt. Padilla and the PMK in the very near future is

3   the most expeditious path to the knowledge of what data exists,

4   what does not, and/or how to collect it.

5        Therefore, it is **ORDERED** that these depositions be

6   conducted in the very near future and the costs associated with

7   the taking of these depositions be born equally between

8   Plaintiffs and Defendants.

9        B.   Defendant Officers' Personnel Files

10       Subject to a protective order, all that is sought by

11  Plaintiffs' interrogatories Nos. 6 and 7 as well as request for

12  production No. 3 is discoverable save and except the ultimate

13  opinions and conclusions of any and all investigating officers

14  regarding internal affairs investigations.  With regard to any

15  citizen complaints relating to the categories set forth, this

16  Court typically orders produced the name, address, and telephone

17  number of the complaining citizen, leaving the requesting party

18  the task of locating the citizen and interviewing him or her.

19       Defendants submitted a box containing a couple hundred

20  pages of two Internal Affairs ("IA") investigations relating to

21  Defendant, Sergeant Eric Broughton, for an *in camera* review.  The

22  Court gave it back to defense counsel, indicating Defendants are

23  well aware of what is discoverable within that data and what

24  typically is not, and that this Court does not have the time or

25  intention to go through the few hundreds of pages to make the

26  determination.  There is, or should be, an airtight protective

27  order in place, precluding Plaintiffs' counsel from sharing any

28  information gleaned from any production with anyone outside of

1  the confines of this and the <u>Srabian</u> litigation, including but
2  not limited to their clients, any counsel involved in any
3  criminal litigation associated with these civil actions, any
4  media, etc.  Again, the ultimate opinions and conclusions reached
5  by the investigating officers regarding any IA investigations is
6  not discoverable.

7       The Court has asked to see the personnel files of all
8  three (3) of the officers in question in this case, i.e., Sgt.
9  Broughton, Officer Carey, and Officer Carreiro, tagged ahead of
10  time regarding the categories requested to assist the Court in
11  its review.  Further, the Court wishes the custodian of these
12  files to arrange an appointment with the Court, remain at the
13  court while the Court reviews the files, and take the files away
14  with him or her at the conclusion of the review with the Court's
15  direction re: copying and production.  **Note**: Among other
16  information, the Court will be looking for data re: pre-
17  employment background information in her review.  And, the Court
18  will look at the off-duty incident regarding Officer Carey and
19  his step-son to determine its discoverability and potential
20  relevancy at trial.

21       C.   <u>Communications with the District Attorney</u>

22       Attorney Linden assured the Court and counsel that he
23  is diligently attempting to obtain a copy/copies of any and all
24  existing documents having to do with the Sheriff's Office request
25  of the District Attorney's office to prosecute Plaintiff
26  Hillblom.  The Court can ask no more of counsel *except* that he
27  set forth in writing his efforts made and the fruits, or not, of
28  his search on or before **November 15, 2009.**

4

1   To the extent that declarations of Sheriff Mims, Capt.

2   Jennifer Horton, Deputy Jeff Kertson, Chris Rose, a Network

3   Systems Engineer, and Sgt. Arley Terrence have been received or

4   are on their way to being produced, the Court is in no position

5   to make a determination regarding the content of those

6   productions.  With regard to e-mail searches going back to a

7   period of time roughly between April 25, 2007 and June 27, 2007,

8   the Court is mindful of the declaration in the Srabian action

9   from Chris Rose, the Sheriff's Department network systems

10  engineer, with respect to recovery of e-mails between the

11  Sheriff's Department and the District Attorney's Office, setting

12  forth the number of tapes that may have to be located, the hours

13  to do so, then the time it will take to restore the tapes to

14  thereafter review them for any content related to this one

15  misdemeanor prosecution.  Burdensome is the cry, and, indeed, it

16  may well be.  Yet, we are in the age of e-discovery, requiring

17  all litigants/potential litigants to be vigilant and at the ready

18  to produce such discovery.  Therefore, it is likely the Court

19  will order this search undertaken *but* *not* *before* further efforts

20  are pursued regarding the District Attorney's failure to respond

21  to subpoena, addressed below.

22   D.   District Attorney's Failure to Respond to Subpoena

23   _____Despite the argument by Plaintiffs' counsel that legal

24  representation for one agency of Fresno County should constitute

25  legal representation for all of Fresno County, the Court has no

26  briefing regarding nor any knowledge one way or the other of that

27  protocol.  Defense attorneys in this action are adamant they do

28  not represent the District Attorney's office nor do they have

5

1   access to the records of that office.  In fact, the Court can

2   conceive of a situation wherein different agencies within the

3   County could legally be at odds with one another, therefore

4   requiring separate legal counsel representing competing legal

5   interests.  That said, it is the conclusion of this Court that

6   noticing non-party Fresno County District Attorney's office of

7   the hearings in this and the <u>Srabian</u> cases coupled with a request

8   for that office to participate in the Local Rule 37-251 joint

9   statement re: discovery disagreement does not function as a

10  substitute for an appropriately noticed show cause hearing re:

11  contempt for failure to respond to a subpoena.  That Plaintiffs

12  filed an application for order to show cause in the <u>Srabian</u> case,

13  then ultimately requested Judge O'Neill to vacate the order based

14  on a belief that there had been a mix-up regarding delivery of a

15  response and/or letter from Assistant District Attorney Jonathan

16  Skiles to Plaintiffs' counsel, Ms. Milrod, begs the question of

17  what happened thereafter.  It appears as though the District

18  Attorney's office failure to respond in any meaningful way to the

19  subpoena, may well, indeed, be contempt; yet, the only way to

20  address that before the court is by way of, again, an application

21  for order to show cause re: contempt for failure to respond to

22  the subpoena duces tecum served on the District Attorney's office

23  on April 17, 2009.

24  /////

25  ////

26  ///

27  //

28  /

6

1       The Court hereby **DENIES** Plaintiffs' request to deem

2 this motion procedurally effective in bringing the District

3 Attorney's office before the court regarding its failure to

4 respond to subpoena.

5

6 IT IS SO ORDERED.

7 **Dated:**   **October 29, 2009**              **/s/ Sandra M. Snyder**

UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28